UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8717 FMO (KSx) | Date | December 5, 2016 |
|---|---|---|---|
| Title | L.A. Gem & Jewelry Design, Inc. v. Charming Charlie LLC, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Personal Jurisdiction and Venue

On November 22, 2016, plaintiff L.A. Gem & Jewelry Design, Inc. ("plaintiff") filed a Complaint against defendants Charming Charlie LLC and Charming Charlie Holdings, Inc. ("defendants") alleging direct and contributory / vicarious copyright infringement. (See Dkt. 1, Complaint at ¶¶ 22-34). Plaintiff alleges that the court has subject matter jurisdiction because this case arises out of a violation of federal law. (See id. at ¶ 1). Plaintiff alleges that venue is proper because "Defendants conduct business in this District by advertising in and shipping goods to this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District." (Id. at ¶ 2).

A defendant may be subject to either general or specific personal jurisdiction. See Daimler AG v. Bauman, 134 S.Ct. 746, 754 (2014). General jurisdiction applies when defendants' contacts with the forum state are "so continuous and systematic as to render [them] essentially at home." Id. at 761 (quotation and alteration marks omitted). The court may assert specific personal jurisdiction over nonresident defendants if three requirements are met: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). The court engages in "purposeful availment" analysis for contract cases and "purposeful direction" analysis for tort cases. See id. The court's analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 134 S.Ct. 1115, 1122 (2014). "[T]he plaintiff cannot be the only link between the defendant and the forum." Id.

Plaintiff generally alleges that defendants have "sold and continue[] to sell infringing jewelry . . . through its own website www.charmingcharlie.com." (See Dkt. 1, Complaint at ¶¶ 4 & 5). Plaintiff does not allege any specific contacts between defendants and the state of California, nor

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8717 FMO (KSx) | Date | **December 5, 2016** |
|---|---|---|---|
| Title | **L.A. Gem & Jewelry Design, Inc. v. Charming Charlie LLC**, et al. | | |

does plaintiff allege how its causes of action arise out of or relate to those contacts.  (See, generally, Dkt. 1, Complaint); see, e.g., Mission Trading Co., Inc. v. Lewis, 2016 WL 6679556, *3 (N.D. Cal. 2016) (maintenance of a passive website, alone, cannot satisfy specific jurisdiction). Plaintiff also does not allege any facts showing that the events giving rise to this litigation occurred in this district.  (See, generally, id.).

Accordingly, IT IS ORDERED that no later than **December 15, 2016**, plaintiff shall show cause in writing why this action should not be dismissed for lack of personal jurisdiction or transferred for lack of proper venue.  **Failure to respond to this order to show cause by the deadline set forth above shall be deemed as consent to either: (1) the dismissal of the action without prejudice for lack of personal jurisdiction and/or failure to comply with a court order; or (2) transfer of the instant action to the appropriate venue**.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |